IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNE G. POLIDORE, As Independent Executor of the Estate of MARQUIS R. POLIDORE, SR., DECEASED and for HULISHER AND PAMELA HORNSBY, His Parents and Statutory Beneficiaries; JOANNE G. POLIDORE, Individually; And JOANNE G. POLIDORE As Parent and Next Friend of MARQUIS R.E. POLIDORE, JR., JADRIEN LEON POLIDORE, and MARISSA JENNAE POLIDORE, Her Minor Children, | § | NO. 4:07-cv-02262 |
| Plaintiffs; | § | |
| vs. | § | |
| TIMOTHY McBRIDE, | § | |
| Defendant. | § | |

**PLAINTIFFS FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW JOANNE G. POLIDORE, Independent Executor of the Estate of MARQUIS R. POLIDORE, SR. and for HULISHER AND PAMELA HORNSBY His Parents and Statutory Beneficiaries; JOANNE G. POLIDORE, Individually; and JOANNE G. POLIDORE as Parent and Next Friend of MARQUIS R.E. POLIDORE, JR., JADRIEN LEON POLIDORE, and MARISSA JENNAE POLIDORE, Her Minor Children ("Plaintiffs"), and complains of TIMOTHY McBRIDE ("Defendant") , and would show the court as follows:

## I. JURISDICTION

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the Plaintiffs

are completely diverse from the Defendant and the amount in controversy exceeds $75,000.00 as correctly ascertained by the Defendant from the face of the Plaintiff's Original Petition in state court in Fort Bend County, Texas, from which this case was removed. The case was removed voluntarily and in accordance with 28 U.S.C. § 1446.

## II. PARTIES, JURISDICTION, AND VENUE

Plaintiff ESTATE OF MARQUIS R. POLIDORE, SR. is a Texas Estate of the late Marquis R. Polidore, Sr., MM1(SS), USN. His parents HULISHER and PAMELA HORNSBY are residents of Houston, Harris County, Texas.

Plaintiff JOANNE G. POLIDORE in all capacities was, at the time of her husband's death a resident of the State of Connecticut. However, at the time of initiation of the related state court action she had declared herself and her children Texas domiciliaries and has purchased a home in Fort Bend County, Texas.

Defendant TIMOTHY McBRIDE is a resident of the State of New Jersey in which he was served with process at 1351 Taft Road, Teaneck, NJ 07666-2828 pursuant to TEX. R. CIV. P. 106(a)(2) and 108. He has removed the original state court petition to this Court but has not yet filed an answer.

The State Court had *in personam* jurisdiction over the defendant under the Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE § 71.031. That jurisdiction was not challenged in the state court prior to voluntary removal to this Court.

## III. FACTS

1. The incident that gives rise to this lawsuit on January 7, 2007 are those described in RI Accident Report No. 07-RIK3-8-AC, a true and correct copy of which is attached hereto as

Exhibit "A" and incorporated herein by reference as if set forth at length.

2. The defendant Timothy McBride's involvement in the incident is set forth in his witness statement in which he makes statements against interest. That statement is attached hereto as Exhibit "B" and incorporated herein by reference as if set forth at length.

3. On the occasion of the incidents set forth in Exhibits "A" and "B," *supra*, MARQUIS R. POLIDORE, SR. and his daughter MARISSA JENNAE POLIDORE were ejected from the motor vehicle in which they were rear-seat passengers. MARQUIS R. POLIDORE died at the scene. MARISSA JENNAE POLIDORE survived with a traumatic brain injury for which she was hospitalized in Providence and Boston for approximately three months. She has a permanent brain shunt and will likely require lifelong medical attention. At the time of her discharge from the hospital, her medical bills were in excess of $300,000.00. Her mother, JOANNE G. POLIDORE was also a passenger in the rear seat with her husband and daughter but survived with contusions and soft tissue injury for which she required medical treatment in the range of $7,500.00. The couple's sons, MARQUIS JR. and JADRIEN were not in the vehicle.

## IV. <u>FIRST CAUSE OF ACTION: NEGLIGENT OPERATION OF A MOTOR VEHICLE: ORDINARY, GROSS, AND *PER SE*</u>

4. At time of trial, Plaintiffs will show that Timothy McBride operated his motor vehicle in question in a negligent and grossly negligent manner and that that conduct was the proximate cause of the injury, suffering, and wrongful death of MARQUIS R. POLIDORE, SR. and direct physical injury and suffering of MARISSA and JOANNE POLIDORE.

5. Plaintiffs will further show that Timothy McBride operated his motor vehicle well in excess of the speed limits involved, that the Plaintiffs Marquis, Sr., Marissa, and Joanne were

among the class of persons sought to be protected by those laws, and that the negligence *per se* was one of the proximate causes of the injury, suffering, and wrongful death of MARQUIS R. POLIDORE, SR. and direct physical injury and suffering of MARISSA and JOANNE POLIDORE.

6. As a direct and proximate result of the conduct involved, Marquis Polidore's Estate, his wife and daughter, and wrongful death heirs seek both ordinary and exemplary damages.

V. DAMAGES TO MARQUIS R. POLIDORE, SR.

7. Upon trial of the case, it will be shown that Marquis R. Polidore, Sr. did not die instantly but that, at the roadside, he was able to briefly communicate with his wife in such a manner as to evidence knowledge of his imminent death, his own grief at the impending loss of his wife and children to him, his own knowledge of the effects his death would have on his wife and minor children, and his own intense physical suffering. The Estate of Marquis R. Polidore, Sr. seeks compensation for these injuries pursuant to the Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE § 71.031.

8. For these damages, the Estate seeks ordinary damages in the amount of $10 million dollars and exemplary damages in the amount of $20 million dollars.

VI. DIRECT DAMAGES TO MARISSA AND JOANNE POLIDORE

9. As a direct and proximate result of the negligence of Defendant Timothy McBride, ordinary, gross, and *per se*, Marissa and Joanne Polidore seek those damages for personal injury compensable under Texas state law, both up to and after the time of trial. With respect to Joanne Polidore, she was in the zone of injury and thus, is a "bystander" as that term is understood in Texas state law and thus, is entitled to a separate quantum of bystander damages as provided by law.

VII. DAMAGES TO THE WRONGFUL DEATH BENEFICIARIES

10. At the time of his death, MARQUIS R. POLIDORE, SR., MM1(SS) USN was a qualified nuclear power plant operator on a nuclear submarine who had served with distinction on USS Dallas prior to his assignment as an instructor at the U.S. Navy Submarine School in Groton, CT. He was approximately 29 years old at the time of his death and, given his training and experience, had a conservative lifetime earning potential of 2 million dollars which is compensable to his beneficiaries under the Texas Wrongful Death Statute, TEX. CIV. PRAC. & REM. CODE § 71.001 *et seq*. and according to that statute, those beneficiaries are for the exclusive benefit of the surviving spouse, children, and parents of the deceased. JOANNE POLIDORE, as Executor of her husband's Estate, brings suit not only for her minor children, but for the parents of the deceased, Hulisher and Pamela Hornsby of Houston, Texas as commanded by that statute. All these beneficiaries are entitled to a full quantum of both ordinary and exemplary damages provided by Texas state law pursuant to that Wrongful Death statute.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Timothy McBride answer and that upon trial of the case the Estate, Parents, Marissa and Joanne Individually, and all Wrongful Death beneficiaries have the damages they seek herein based on the causes of action pled. They also seeks such other and further relief, whether at law or in equity, to which they may show themselves justly entitled.

*(signature page follows)*

Respectfully submitted,

DANIEL J. SHEA, P.C.

By: /s/ Daniel J. Shea (ECF)
DANIEL J. SHEA
State Bar No. 18163850
1928 West Bell St.
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Facsimile

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

This is to certify that both opposing counsel, indicated below, are registered filers with the ECF System of the Southern District of Texas and thus, both were served through electronic means, automatically, on the file date of this pleading. There are no unregistered or *pro se* parties that require service.

Mr. James D. Ebanks
Mr. Benjamin B. Leibman
EBANKS, SMITH & CARLSON, L.L.P.
1301 McKinney St., Suite 2700
Houston, TX 77010-3079
(713) 333-4500 - Telephone
(713) 333-4600 - Telecopier

ATTORNEYS FOR DEFENDANT

/s/ Daniel J. Shea