**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOANNE G. POLIDORE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2262 |
| | § | |
| TIMOTHY MCBRIDE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs, family members of Marquis R. Polidore, Sr. and the executor of his estate, sued Timothy McBride and Lydon Oven Company. The suit is based on a vehicle accident that took place in Hopkinton, Washington County, Rhode Island on January 7, 2007. Marquis R. Polidore, Sr. was a passenger in one of the vehicles involved. He was killed at the scene. His daughter and wife, also passengers in the vehicle, were injured. The defendant, Timothy McBride, was driving a vehicle that was behind the car in which the plaintiffs were riding. McBride's vehicle was owned by and registered to his business, Lydon Oven Company. The plaintiffs allege negligent operation of a motor vehicle, negligence, gross negligence, and negligence *per se.*

Polidore was a citizen of Fort Bend County, Texas. His wife, the executor of his estate, was a resident of Connecticut and has since moved to Fort Bend County, Texas. The plaintiffs sued in Texas state court. McBride, then the only defendant served, timely

removed on the basis of diversity jurisdiction. McBride is a New Jersey citizen. Lydon Oven Company is a Delaware corporation registered in New Jersey. McBride is the registered agent for Lydon Oven Company.

McBride moved to dismiss for lack of personal jurisdiction and, in the alternative, to transfer to the District of Rhode Island. (Docket Entry No. 6). In an amended motion, Lydon Oven Company also moved to dismiss or alternatively to transfer. (Docket Entry No. 9). Both submitted affidavits in support of the motion to dismiss. The plaintiffs filed a response, with a copy of pages from Lydon Oven Company's website, (Docket Entry No. 12), and the defendants replied, (Docket Entry No. 13).

## I. Personal Jurisdiction

### A. The Legal Standard

The plaintiffs allege that this court has diversity jurisdiction under 28 U.S.C. § 1332(a)(3). (Docket Entry No. 7, Second Amended Complaint, at 2). "In a diversity action, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (citations omitted). The plaintiffs allege that personal jurisdiction over McBride is established because he was served in state court under section 71.031 of the Texas Civil Practice and Remedies Code. (Docket Entry No. 7 at 2). This "borrowing statute" provides that an action for damages for death or personal injury occurring in another state with respect to a citizen of Texas, of the United States, or of a

foreign country may be enforced in Texas courts if, among other things, the action is commenced within the statute of limitations under Texas law, and for residents of foreign states or countries, the action is commenced within the statute of limitations of the state where the claim arose. *See Tullis v. Georgia-Pacific Corp.*, 45 S.W.3d 118, 120 (Tex. App.—Fort Worth 2000, no pet.); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 73 (Tex. 2000) (citing TEX. CIV. PRAC. & REM. CODE § 71.031(a) (1997)). This statute, however, does not confer personal jurisdiction over a foreign defendant.

The Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq.*, confers jurisdiction to the limit permitted by due process. *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990) (citation omitted); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 n.7 (1984). In Texas, the personal jurisdiction inquiry is the due process analysis. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424–25 (5th Cir. 2005).

Due process limits the exercise of personal jurisdiction over nonresident defendants to cases in which defendants purposefully establish "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A court must determine whether the defendant has established the requisite minimum contacts with the forum state and whether the exercise of jurisdiction would offend traditional notions of fair play and substantial

justice. *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1205 (5th Cir. 1993) (citations omitted).

A court may assert personal jurisdiction under a theory of either "general" or "specific" personal jurisdiction. A court exercises specific jurisdiction over a defendant if the cause of action alleged arises out of or is related to the defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 414 n.8. When a court exercises personal jurisdiction over a defendant in a case *not* arising out of or related to the defendant's contacts with the forum state, the court is exercising general jurisdiction over the defendant. *Id.* at 414 n.9.

A court may exercise specific jurisdiction if: "(1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant[']s contacts with the forum state." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). The plaintiff must demonstrate a nexus between the nonresident defendant's contacts with the forum and the cause of action. *Rittenhouse v. Mabry*, 832 F.2d 1380, 1390 (5th Cir. 1987).

When the cause of action does not arise from or relate to the foreign defendant's purposeful conduct within the forum state, due process requires that the foreign defendant have engaged in continuous and systematic contacts with the forum state before a court may exercise general personal jurisdiction. *See Helicopteros*, 466 U.S. at 414–15; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (citation omitted). The plaintiff

must demonstrate contacts of a more extensive quality and nature between the forum state and the defendant than those needed to support specific jurisdiction. *See Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990) (citations omitted). "To exercise general jurisdiction, the court must determine whether 'the contacts are sufficiently systematic and continuous to support a reasonable exercise of jurisdiction.'" *Holt Oil & Gas v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (citations omitted)). The continuous and systematic contacts test for general jurisdiction "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Central, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted); *see also Schlobohm*, 784 S.W.2d at 357 ("The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state.").

When a nonresident defendant challenges *in personam* jurisdiction, the plaintiff bears the burden of demonstrating facts sufficient to support jurisdiction. *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting

*Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). The court "'must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts[.]'" *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)) (additional citations omitted). However, the court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp.*, 253 F.3d at 869.

**B. Analysis**

McBride submitted an affidavit stating that he is a resident and citizen of New Jersey, where he lives, owns property, and works. McBride states that he does not transact business in Texas, maintain any offices or real property in Texas, maintain a Texas address, pay taxes in Texas, or hold any interest in bank accounts in Texas. (Docket Entry No. 6, Ex. A). McBride also submitted an affidavit describing the jurisdictional facts relating to Lydon Oven Company, of which he is president. (*Id.*, Ex. B). Lydon Oven Company's principal place of business is in New Jersey. (*Id.*, Ex. B). It holds no interest in any bank accounts in Texas, does not employ salesmen or contractors in Texas, does not solicit business in Texas, does not sell products through dealers in Texas, does not market products in Texas, does not pay taxes in Texas, does not have a registered agent in Texas, and does not maintain offices, property, addresses, or telephone numbers in Texas. (*Id.*, Ex. B). According to this affidavit, Lydon Oven Company has had 37 customers since 1990, none of which are established in, do business in, or receive delivery in, Texas. (*Id.*, Ex. B).

The plaintiffs do not dispute any of the facts stated in the affidavits. The plaintiffs do not make any attempt to argue that there is personal jurisdiction over McBride. Instead, they request an opportunity to conduct discovery into Lydon Oven Company's "industrial contacts" with Texas based solely on the fact that Lydon Oven Company has a website describing its products and the industries in which its products can be used, which include, among others, electronics and aerospace. (Docket Entry No. 12 at 2–3). The plaintiffs also point to the fact that because the defendants contested jurisdiction, they did not respond to the request for insurance policies. (*Id.*).

The issue in this case is general jurisdiction over Lydon Oven Company. The accident occurred in Rhode Island. The plaintiffs do not allege that the causes of action arise out of any of the defendants' activities in Texas, as necessary for specific personal jurisdiction. There is no evidence that McBride has any contacts with Texas that would permit the exercise of general jurisdiction against him, as plaintiffs tacitly concede in their response.

Nor is there evidence of any contacts between Lydon Oven Company and Texas that would support general personal jurisdiction. *See generally Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (finding no general jurisdiction despite Helicol's ongoing business relationship with three joint venturers over seven years); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (concluding that defendant's contacts with Texas in routinely arranging and receiving interline shipments to and from Texas and sending sales people to Texas on a regular basis to develop business,

negotiate contracts, and service national accounts, while in some sense "continuous and systematic," were not substantial enough to justify personal jurisdiction); *Wilson v. Belin*, 20 F.3d 644, 649–50 (5th Cir. 1994) (court lacked personal jurisdiction over defendant despite the fact that defendant had a relationship with a Texas law firm and engaged in various professional and pro bono projects in the state over a period of several years).

Although the plaintiffs request a stay to allow them to conduct additional discovery, a stay is not warranted. "A district court has 'broad discretion in all discovery matters,' and 'such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 2000)). Discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. *Wyatt*, 686 F.2d at 283–84(citation omitted). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.* at 284 (citation omitted). Accordingly, discovery may be denied on questions of personal jurisdiction when the discovery sought "could not [add] any significant facts." *Id.* (citations and internal quotation marks omitted).

It is clear from the record, including McBride's affidavit describing Lydon Oven Company's lack of contacts with Texas, that the discovery sought would not demonstrate sufficient minimum contacts to support jurisdiction. The plaintiffs seek discovery on Lydon Oven Company's "industrial contacts" in Texas. But McBride's affidavit states that Lydon

Oven Company has had only 37 customers since 1990, and none in Texas. That is clearly insufficient to confer jurisdiction.

The plaintiffs attach copies of Lydon Oven Company's website. Courts addressing whether personal jurisdiction can be constitutionally exercised over a defendant look to the "'nature and quality of commercial activity that an entity conducts over the Internet.'" *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa.1997)). At one end of the spectrum, there are situations in which a defendant clearly does business over the Internet by entering into contracts with residents of other states that "involve the knowing and repeated transmission of computer files over the Internet." *Zippo*, 952 F. Supp. at 1124 (citation omitted). In that situation, personal jurisdiction may be proper. *See id.* At the other end of the spectrum, there are situations in which a defendant merely establishes a passive website that does nothing more than post information on the Internet. It is not appropriate to exercise personal jurisdiction based on a passive website. *See id.* In the middle of the spectrum, there are situations in which a defendant has a website that allows a user to exchange information with a host computer. *Id.* In this middle ground, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.* (citation omitted). Because the plaintiffs' claims do not arise in any way from Lydon Oven Company's Internet activities, the website is only relevant to a general jurisdiction inquiry. The Fifth Circuit has noted that the sliding scale is not well adapted to

the general jurisdiction inquiry, because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous, and systematic contacts required for a finding of general jurisdiction. In other words, while a business with a website "may be doing business *with* Texas, it is not doing business *in* Texas." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (citing *Access Telecomm., Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999) and *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) ("[E]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders.")). Courts have found that general jurisdiction is not present even if the defendant has an interactive website with the potential to reach a significant percentage of the forum state's population. *See J-L Chieftan, Inc. v. W. Skyways, Inc.*, 351 F. Supp. 2d 587, 594 (E.D. Tex. 2004) (citing *Origin Instruments Corp. v. Adaptive Computer Sys., Inc.*, 1999 WL 76794, at *4 (N.D. Tex. Feb. 3, 1999)). Instead, for the contact to be continuous and systematic, there must be evidence that the website is actually reaching a portion of the state's population. *Id.* (citing *Loumar v. Smith*, 698 F.2d 759, 763 (1983)).

The website pages that the plaintiffs provide contain information about the types of products offered. There is no indication that the website is interactive or that it targets Texas residents or that it is used to make contracts or sell products. The plaintiffs have not attempted to contravene the evidence that Lydon Oven Company has only had 37 customers since 1990, none in Texas. The website is insufficient to establish a need for discovery

because such discovery would not add significant facts to show general jurisdiction. *See Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 682–83 (W.D. Tex. 2001) (noting that there is no jurisdiction over non-resident defendants on the basis of passive websites).

This court lacks personal jurisdiction over the defendants.

## II. Transfer

A federal court lacking personal jurisdiction over defendants may transfer a case under 28 U.S.C. § 1406(a) to another forum where the suit could proceed. *See Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967) ("[Section] 1406 operates when there exists an obstacle–either incorrect venue, absence of personal jurisdiction, or both–to a prompt adjudication on the merits in the forum where originally brought . . . . [Section] 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there."). The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under section 1406(a). *Soil Bldg. Sys. v. CMI Terex Corp.*, No. 3:04-CV-0210-G, 2004 WL 1283966, at *6 (N.D. Tex. June 9, 2004) (citation omitted).

Because this court lacks personal jurisdiction over the defendants, the issue is whether to dismiss or transfer. This court determines that transfer to Rhode Island under 28 U.S.C. § 1406(a) is appropriate, where the accident occurred and where all parties as well as nonparty witnesses are within the court's jurisdiction.

## III. Conclusion

The defendants' alternative motion to transfer is granted. The motion to dismiss is moot. This case is transferred to the District of Rhode Island.

SIGNED on November 24, 2007, at Houston, Texas.

Lee H. Rosenthal
United States District Judge