**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOANNE G. POLIDORE, As Independent Executor of the Estate of MARQUIS R. POLIDORE, SR., DECEASED, and for HULISHER AND PAMELA HORNSBY, His Parents and Statutory Beneficiaries; JOANNE G. POLIDORE, Individually; and JOANNE G. POLIDORE, as Parent A/N/F of MARQUIS R.E. POLIDORE, JR., JADRIEN LEON POLIDORE, and MARISSA JENNAE POLIDORE, Her Minor Children, | § | NO. 1:07-cv-00433-ML-DLM |
| *Plaintiffs*; | § | |
| vs. | § | |
| TIMOTHY McBRIDE, and LYDON OVEN COMPANY, | § | |
| *Defendants*. | § | |

**PLAINTIFFS' RULE 26(f)(3) DISCOVERY PLAN**

COME NOW JOANNE G. POLIDORE, Independent Executor of the Estate of MARQUIS R. POLIDORE, SR. and for HULISHER AND PAMELA HORNSBY His Parents and Statutory Beneficiaries; JOANNE G. POLIDORE, Individually; and JOANNE G. POLIDORE as Parent and Next Friend of MARQUIS R.E. POLIDORE, JR., JADRIEN LEON POLIDORE, and MARISSA JENNAE POLIDORE, Her Minor Children ("Plaintiffs"), by and through their undersigned counsel, and file their Discovery Plan pursuant to FED. R. CIV. P. 26(f)(3) and LR Cv 26(b).

## I. INTRODUCTION

On June 11, 2008, this Court held a Pretrial Conference with counsel for all parties pursuant to FED. R. CIV. P. 16. Matters for consideration relevant to this case in Rule 16(c)(2) were discussed with counsel. A Pretrial Order was then issued on June 12, 2008 pursuant to Rule 16(d).

## II. PURPOSE

This filing, made optional by LR Cv 26(b), is intended to apprise the court and all counsel of documentary disclosures and other matters that occurred in this case in the Southern District of Texas – Houston Division inasmuch as they may affect on-going disclosures and discovery in the District of Rhode Island.

The following track the format of FED. R. CIV. P. 26(f)(3), *seriatim.*

## III. DISCOVERY PLAN [RULE 26(f)(3)]

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

1. On August 3, 2007, in transferor Case No. 4:07-cv-02262; *Joanne Polidore et al. v. Timothy McBride, et al.*; In the United States District Court for the Southern District of Texas, Houston Division, Houston counsel Mr. James D. Ebanks received from Mr. Shea in electronic Adobe "pdf" format: (1) the Navy's documentation of Marquis Polidore's death, (2) the preliminary RI accident report, and (3) the RI supplemental report that contains, *inter alia*, [defendant McBride's] statement to the RI State Police. It also enclosed a HIPAA Release made out in Mr. Ebanks favor and that of his clients' insurer, New Jersey Manufacturer's Insurance Company.

2. On August 17, 2007, Mr. Ebanks produced to Mr. Shea an auto policy #B832166-3 issued by New Jersey Manufacturers Insurance Company to defendants that provides coverage in this case.

3. On August 20, 2007, Mr. Shea asked Mr. Ebanks to produce any GCL policies of Lydon Oven Company in addition to #B832166-3, that conceivably could provide coverage in this case. In the alternative, demand was made for an affidavit of "no additional

coverage" from Mr. McBride, in both his personal and corporate capacities. There has been an assertion that no GCL policy exists; no response to the affidavit request has been provided.

4. On October 16, 2007, both Houston counsel submitted a Rule 26(f) Joint Discovery/Case Management Plan pursuant to the "as soon as practicable" provision of Rule 26(f)(1). It was limited to issues relating to the issue of *in personam* jurisdiction then pending before the District Court in Houston under a special appearance. The case was subsequently transferred to this Court on Order of Hon. Lee H. Rosenthal, USDJ.

5. On December 6, 2007, defendants' insurer, New Jersey Manufacturers Insurance Company (NJM), wrote to Mr. Shea and requested documentation of his client's injuries.[1] Shea complied on even date with HIPAA Releases and billing summaries from Hasbro Children's Hospital (Providence) and Spaulding Rehabilitation Hospital (MGH - Boston). He also wrote to those institutions on behalf of NJM. NJM has obtained all Marissa Polidore's medical records.

6. On January 9, 2008, Mr. Mark Dolan entered an appearance in this case for defendant Timothy McBride.

7. On January 16, 2008, Mr. Dolan also appeared for defendant Lydon Oven Company. That same date, he filed Interrogatories and Requests for Production on behalf of defendants, arguably in violation of Rule 26(d).

8. On February 7, 2008, Shea complied with NJM's request for all unprivileged file

[1] It was understood that the request related to Marissa Polidore, the minor child who had been thrown from the vehicle and suffered traumatic (and expensive) brain injury. Joanne Polidore was only slightly injured in the crash. Marquis Polidore died at the scene on US-95.

materials that relate to the settlements that had been reached with SAFECO, GEICO, and a settlement proffer from Progressive for 2 of the 3 vehicles, other than Lydon / McBride's.

9. On February 27, 2008, Shea confirmed with NJM that it had received the file materials. He also extended a policy-limits settlement offer to April 15, 2008 contingent on NJM focusing its investigation on liability and precluding unnecessary and traumatic discovery upon Joanne Polidore on the issue of damages. It was based on New Jersey law under its *Bowers* doctrine. Demand had previously been made in SD-TX under the Texas corollary, the *Stowers* doctrine. Demand will be forthcoming under Rhode Island's corollary, *Asermely v. Allstate*.

10. There have been no Rule 26(f) disclosures from the defendants in this (D-RI) case.

**(B) the subjects on which discovery may be needed, when discovery should be completed, or whether discovery should be completed in phases or be limited to or focused on particular issues.**

1. In its Pretrial Order, the Court ordered that discovery be completed by March 11, 2009.

2. In the June 11 Pretrial Conference, plaintiffs' counsel proposed (and thought they had at least a tacit agreement) that initial discovery be limited to liability issues in light of the enormity of damages vis a vis the limited coverage available from defendants. There has been discussion on this matter since the conference and counsel for defendants insists on conducting full-scope discovery, including inquiry into the minutiae of the decedent's life, education, and earnings that will be painful for Joanne Polidore to answer. Defendants contend they have already been provided sufficient preliminary information about Marquis Polidore Navy career at item (A)1.(1), above. The deposition of driver / witness Zachary

Place is scheduled for September 5, 2008.

**(C) any issues about disclosure or discovery of electronic information, including the form or forms on which it should be produced.**

1. Defendants do not wish to participate in a full Rule 26(f) meeting and preparation of a Joint Discovery Plan.

2. Plaintiffs propose that discovery materials be produced in the manner in which they have been compiled. Further, plaintiffs propose that since all parties have internet and email capability, that discovery and production requests be provided, upon request, in Wordperfect or Word format via e-mail to eliminate the need for retyping of requests.

**(D) any issues about claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to ascertain these claims after production – whether to ask the court to include their agreement in an order.**

1 Plaintiffs have no proposals in this regard.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

1. Plaintiffs have no proposals in this regard. However, if initial discovery proceeds beyond liability, into damages, plaintiff will request limitations on intimate marital areas and matters surrounding the death of Marquis R. Polidore from Joanne Polidore or the decedents parents, Hulisher and Pamela Hornsby. By "initial," plaintiffs refer to the period before the mandated settlement conference.

**(F) any other orders that the court should issue under Rules 26(c) or 16 (b) and (c).**

1. <u>Rule 26(c)(1). Protective Orders</u>. As indicated in (B) 2. and (C) 1., above, plaintiffs have attempted to resolve the issue of postponing interrogatories propounded to Joanne Polidore on the issue of damages to Marquis Polidore. Those interrogatories were arguably

propounded in violation of Rule 26(d)(1). That notwithstanding, plaintiffs may need to seek protection against any discovery that would require Joanne Polidore's direct participation, absent pre-approval by the court, before the settlement conference.

2. Rule 16 (b) and (c). None.

Respectfully submitted,

*(with permission)*
/s/ Mortimer C. Newton

MORTIMER C. NEWTON
R. I. Bar No. 1914
91 Friendship Street
Providence, RI 02903-0001
(401) 421-1511 Telephone
(401) 421-0876 Facsimile
mortnewton@gmail.com

ATTORNEY FOR PLAINTIFFS

DANIEL J. SHEA, P.C.

By: /s/ Daniel J. Shea
DANIEL J. SHEA
Texas Bar No. 18163850
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500 Telephone
(713) 942-7507 Facsimile
djs7500@aol.com

ATTORNEY FOR PLAINTIFFS
*PRO HAC VICE*

CERTIFICATE OF SERVICE

This is to certify that the above and foregoing pleading was served via the Court's ECF system on September 3, 2008. There are no unsubscribed parties on whom first class mail service is required.

/s/ Daniel J. Shea